**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY PRENTICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-1605 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| CARLA DIMATTEO , | ) | |
| Defendant. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice in accordance with the screening provision promulgated in the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

### II.      REPORT

Plaintiff, Anthony Prentice, commenced this action against Carla DiMatteo claiming that she had utilized the United Postal Service to defraud him out $164.00 with respect to three religious booklets she was paid to type.   For the reasons set forth below, the Complaint fails to state a claim upon which relief may be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.

Pertinent to the case at bar is the new authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims.

Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under this statutory provision, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Dodrill, 696 F.Supp.2d 454, 471 (M.D. Pa. 2010). To withstand a motion to dismiss, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Notwithstanding, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quotation omitted).

B. Jurisdiction

2

As tribunals of limited jurisdiction, federal courts must determine whether the case before them properly invokes either federal-question jurisdiction or diversity jurisdiction. Federal-question jurisdiction requires that a complaint "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, while diversity jurisdiction requires parties to be, *inter alia*, "citizens of different States," and the matter in controversy exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). Here, Plaintiff alleges damages of only $164.00. Thus, he cannot meet the amount of controversy requirement in 28 28 U.S.C. § 1332(a). Accordingly, this court may exercise jurisdiction over Plaintiff's Complaint only if it arises under the Constitution, laws, or treaties of the United States.

Plaintiff's Complaint was filled out on the form provided to prisoners raising claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983. In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). A person raising a civil rights claim for damages under section 1983 first must demonstrate that the defendant is a person acting under color of state law, *i.e.*, a state actor. If the record does not reflect that the defendant acted under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

A review of Plaintiff's Complaint reveals no allegations giving rise to a plausible inference that Defendant DiMatteo acted under color of state law or conspired with state actors to deny Plaintiff his constitutional rights. As such, Plaintiff cannot sue Defendant DiMatteo under § 1983 because she is not a state actor. *Accord* <u>Simonton v. Tennis</u>, 437 F. App'x 60, 62 (3d Cir. 2011). Moreover, his allegations do not show any violation of his constitutional or federal rights. Although he claims that DiMatteo violated United States Postal laws, he, as a private citizen, has no standing to enforce such laws. Nor do such laws provide him with any bases for recovery. As such, his Complaint must be dismissed under the PLRA for failure to state a claim upon which relief may be granted.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that the Complaint be dismissed with prejudice under the screening provision in the PLRA and it would be futile to allow Plaintiff to file an amended complaint in this matter.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.


<u>/s Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

January 18, 2012

Anthony Prentice 74880
Nevada Department of Corrections
P.O. Box 1989
4569 North State Rt.
Ely, NV 89301